UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SACRAMENTO REGIONAL COALITION TO END HOMELESSNESS, JAMES LEE CLARK, and SACRAMENTO HOMELESS ORGANIZING COMMITTEE,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SACRAMENTO,<br><br>Defendant. | No. 2:18-cv-00878-MCE-AC<br><br>**MEMORANDUM AND ORDER** |

Through the present lawsuit, filed on April 10, 2018, Plaintiffs challenged the constitutionality of an anti-solicitation ordinance adopted by Defendant City of Sacramento ("Defendant" or "City").  According to Plaintiffs, the ordinance, by prohibiting what it terms "aggressive and intrusive solicitation" throughout the city, amounted to a content based restriction on speech that was presumptively invalid under the First Amendment unless it could pass muster under an onerous "strict scrutiny" analysis. Concurrently with the filing of its lawsuit, Plaintiffs moved for a preliminary injunction that would enjoin implementation of the ordinance pending disposition of their lawsuit.  ECF No. 8.

1

By Memorandum and Order filed July 19, 2018, the Court granted Plaintiffs' Motion, finding that the City had not established that the ordinance was the least restrictive means to address any compelling governmental interest on its part.  While the Court invited the City to submit any evidence it later developed that would support the ordinance, it never did so.  The City ultimately repealed the ordinance on May 14, 2019, and by Consent Decree and Final Judgment entered on January 13, 2020, this lawsuit was terminated, with the only remaining issue being Plaintiffs' entitlement to attorney's fees.  Through the present motion, Plaintiffs assert that as the prevailing parties, they are entitled to fees in the amount of $321,621.33.  As set forth below, that Motion (ECF No. 40) is GRANTED, in part.[1]

**BACKGROUND**

On November 14, 2017, Defendant enacted an anti-solicitation ordinance, No. 2017-0054 (hereinafter "Ordinance"), which defines solicitation as including any kind of request, including both panhandling and charitable solicitation, for "an immediate donation of money or other thing of value."  Sacramento City Code § 8.134.020 (2017). Solicitation activity was broadly defined as anything "using the spoken, written, or printed work, or bodily gestures, signs, or other means."  Id.  The Ordinance established extensive no-solicitation buffer zones on public sidewalks, streets and other public places throughout the City, including anywhere within 30 feet of all banks, ATMs or other financial institutions, within 30 feet of the driveway of a business establishment when soliciting from the operator or occupant of a motor vehicle, from persons in any outdoor dining area, or from anyone stopped at a gasoline station.  Id. at § 8.134.030 (B)-(G). The City justified these buffer zones by alluding to "the implicit threat to both person and

///

---

[1] Having determined that oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs in accordance with E.D. Local Rule 230(g).

property" and the need to avoid "unwarranted and unavoidable confrontations." Id. at § 8.134.010.

The Ordinance further prohibited "aggressive" or "intrusive" solicitations in **any** public place, with those terms being defined as including conduct causing a reasonable person to fear bodily harm or loss of property, or in instances where the person has indicated they do not want to be solicited.  Id. at § 8.134.030(A); § 8.134.020.  Violation of the Ordinance was an infraction, punishable by a fine, with three violations within a six-month period calling for greater sanctions, including up to six months in jail.  Id. at §§ 8.134.040(B).

The Plaintiffs who brought the present action included both an unemployed and homeless Sacramento resident, James Clark, and two organizations that work with the homeless and low-income community.  Plaintiffs contend that prior to enactment of the Ordinance, the Sacramento City Council was not presented with any statistics, testimony or other evidence that demonstrated a need for the Ordinance.  Nor has the Council explained how persons requesting immediate donations were endangering public safety or creating traffic hazards.  Moreover, and even more significantly, at least two representatives of Plaintiffs, Bob Erlenbusch (Executive Director of Plaintiff Sacramento Regional Coalition to End Homelessness) and Paula Lomazzi (Executive Director of Plaintiff Sacramento Homeless Organizing Committee) testified before the Sacramento City Council on numerous occasions before the statute was enacted, explaining its serious legal defects.  The City authorized adoption of the Ordinance despite those arguments.

Following enactment of the Ordinance and this lawsuit, the City continued to insist that it had or could develop evidence to support the legality of the Ordinance.  When Plaintiffs' Motion for Preliminary Injunction was initially heard on June 28, 2018, however, the City for the first time represented that it intended to withdraw the Ordinance to the extent it purported to prohibit solicitation at particular locations.  At the same time, however, it stood by its defense of the Ordinance to the extent it prohibited "aggressive"

3

or "intrusive" solicitation.  After the Court continued the hearing until July 5, 2018 to permit the City to file and serve its proposal to amend the Ordinance, the City withdrew its offer, asking only for an open-ended extension of time that would allow "the opportunity to . . . conduct further study and gather empirical data and evidence to determine the appropriate scope of any necessary amendment."  ECF No. 25, pp. 1-2. According to Plaintiffs, this amounted to a concession that the City had not developed the appropriate evidence to support the Ordinance before it was adopted.  The Court subsequently granted Plaintiffs' requested preliminary injunction with the proviso, as indicated above, that the City could return to Court if it had the evidence necessary to support the need for the Ordinance.

Having failed to produce any such evidence, and having ultimately agreed to repeal the Ordinance, the City entered into a Consent Decree terminating this lawsuit. Plaintiffs now move for attorney's fees, seeking the total sum of $321,621.33. Significantly, the City disputes neither Plaintiffs' status as the prevailing party, the fact that Plaintiffs' lawsuit served an important community objective, or the hourly rates charged by counsel for Plaintiffs in these proceedings.  Instead, the City disputes only the number of hours expended by counsel for Plaintiffs, the Legal Services of Northern California ("LSNC") and the American Civil Liberties Union ("ACLU"), arguing that the hours billed by those two organizations were excessive and/or duplicative.

## ANALYSIS

Plaintiffs seek reasonable attorney's fees under both 42 U.S.C. § 1988 and California Code of Civil Procedure § 1021.5 on grounds that under each of those statutes a prevailing plaintiff "'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.'"  Hensley v Eckerhart, 461 U.S. 424, 429 (1983) (quoting Newman v. Piggie Park Enterprises, 390 U.S. 400, 402 (1968)). Section 1988 authorizes recovery for a plaintiff who "prevails" in a Section 1983 lawsuit

4

for deprivation of any constitutional rights, privileges or immunities. A prevailing party is one who succeeds on "any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit." Texas State Teachers Ass'n v. Garland Independent School Dist., 489 U.S. 782, 788 (1989). Issuance of a preliminary injunction against the enforcement of an unconstitutional law constitutes the kind of success that supports a fee award. Hanrahan v. Hampton, 446 U.S. 754, 758 (1980). In the present matter, as the Ninth Circuit has recognized, "[i]t is beyond dispute that solicitation [like that involved in the present matter] is a form of expression entitled to the same constitutional protection as traditional speech." ACLU of Nevada v. City of Las Vegas, 466 F.3d 784, 792 (9th Cir. 2006).

Similarly, under state law, California Code of Civil Procedure § 1021.5 provides for an award of attorney's fees to a successful party in an action "which has resulted in the enforcement of an important right affecting the public interest."

Plaintiffs argue that they meet these fundamental prerequisites under both federal and state law as the prevailing party in a matter of important public interest, and the City does not dispute that an award of fees is justified on that basis. Instead, the City objects only to the amount of fees claimed, arguing that the number of hours spent by Plaintiffs' counsel was unreasonable and excessive, and that because both the ACLU and the LSNC were involved, duplication of effort occurred, any reasonable fee award should be dramatically reduced.[2] Relying solely on the declaration of its purported expert, Robert M. Bruning, the City urges the Court to reduce Plaintiffs' recoverable fees from $321,621.33 to $94,196.00, a reduction of more than two-thirds. See Bruning Decl., ECF No. 45-1.

Under both California and federal law, Plaintiffs are entitled to fully recover attorney's fees to the extent counsel achieves "excellent results" for their clients, and those fees are generally presumed to encompass "all hours reasonably expended on the

---

[2] The City does not object to the hourly rate sought on behalf of the four ACLU and LSNC attorneys whose fees are sought, and accordingly the propriety of the rates themselves is not in question and need not be further considered in this Memorandum and Order.

litigation." Hensley v. Eckerhart, 461 U.S. at 435.  Reasonable attorney's fees are initially calculated by the so-called "lodestar" which is the amount of hours reasonably expended multiplied by a reasonable hourly rate.  See Jordan v. Multnomah County, 815 F.2d 1248, 1261 (9th Cir. 1987).   A court may then adjust the lodestar amount in either direction based on a series of factors identified by the Ninth Circuit in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67 (1975); McGrath v. County of Nevada, 67 F.3d 248, 252 (9th Cir. 1995).  Those factors include 1) the time and labor required; 2) the novelty and difficulty of the questions involved, 3) the skill required to perform the legal service properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee, 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or the circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and ability of the attorneys; 10) the "undesirability" of the case, 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases.  Kerr, 526 F.2d at 70.  Significantly, whether to award fees and in what amount is a matter within the sound discretion of the trial court.  Id. at 69.

     Plaintiffs' moving papers delineate how the assessment of the Kerr factors supports the fee requested here.  Pls.' Mot., ECF No. 41, pp. 15-16.  Moreover, the strong presumption in favor of the lodestar as a reasonable award must be noted, with an adjustment either upwards or downward being viewed as appropriate only in the rare and exceptional case.  Van Gerwen v. Guarantee Mut. Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000); Mitchell v. Chavez, No. 1:13-cv-01324-DAD-EPG, 2018 WL 3218364, at * 2 (E.D. Cal. 2018).  Nevertheless, in calculating the lodestar, "the district court should exclude hours 'that are excessive, redundant, or otherwise unnecessary.'"  McCown v. City of Fontana Fire Dep't, 565 F.3d 1097, 1102 (9th Cir. 2009) (quoting Hensley, 461 U.S. at 434).

     The party seeking an award of attorney's fees bears the burden of producing documentary evidence demonstrating "the number of hours spent, and how it

determined the hourly rate(s) requested." McCown, 565 F.3d at 1102.  Then the burden shifts to the opposing party to submit evidence "challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits."  Ruff v. County of Kings, 700 F. Supp. 2d 1225, 1228 (E.D. Cal. 2010).  Here Plaintiffs' billing entries are sufficiently detailed; time entries in no less than tenth of an hour increments are provided for time expended by both ACLU and LSNC counsel along with a description of the particular tasks entailed.  Billing entries of this nature have been deemed by the Ninth Circuit to be "more than sufficient."  Gates v. Gomez, 60 F.3d 525, 534-35 (9th Cir.1995).  This shifts the rebuttal burden of showing why entries are improper to the City.  Id.

The City's Opposition papers, which essentially consist of the 20-page Bruning Declaration, make scant attempt to address the Kerr factors in formulating a reasonable fee award.  Instead, Bruning makes largely unsupported conclusory statements that various tasks could have been performed by a less experienced attorney, and/or in fewer hours.  Bruning also takes issue in general terms with how tasks were delegated between the ACLU and the LSNC, and argues this produced an unreasonable duplication of efforts for which the City should not be found responsible.  He ignores the fact that the Plaintiffs made strenuous efforts to avert this litigation in the first place by trying to convince the City that its proposed Ordinance was unwarranted.  Nor does Bruning address the fact that the City's conduct in settlement discussions and through discovery entailed significant delays through no fault of Plaintiffs.

The Court is largely unconvinced by these arguments, and it concludes the City has not shown Plaintiffs' billing requests are unwarranted.  As the clear prevailing party, the Ninth Circuit has found that Plaintiffs' billing judgment is generally to be trusted. Chaudhry v. City of Los Angeles, 751 F.3d 1096, 1110, 1111 (9th Cir. 2014). Significantly, too, the Ninth Circuit has also rejected any general notion that fees are inflated in a civil rights case like this one, with the numbers of hours expended left to prevailing counsel's professional judgment:

> It would therefore be the highly atypical civil rights case where plaintiff's lawyer engages in churning. By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker.

Moreno. v. City of Sacramento, 534 F.3d at 1112.

It should also be noted that Plaintiffs have already voluntarily deducted more than 300 hours of billed time in order to foreclose any notion that time charged by the ACLU and by the LSNC was duplicative, which reduced the fees sought by more than $100,000. See ECF No. 41 at p. 27. Plaintiffs further eliminated the billing charges of several attorneys altogether so that time expended by only four attorneys (two each for the ACLU and the LSNC) is being presented for reimbursement.

After reviewing the billing statements submitted by Plaintiffs in their entirety, and upon consideration of the arguments for and against the requested fees offered by both sides, the Court, in exercising its discretion, is satisfied that Plaintiffs' claimed fees are reasonable with one exception. Robert Bruning identifies 17 entries, totaling 11.60 hours and representing fees in the amount of $3,616,26, which he considered to be clerical and administrative in nature. Bruning Decl., ¶ 26. He correctly points out that a party is not entitled to recover fees incurred in connection with performing clerical tasks; those tasks are to be considered as part of the attorney's overhead expense. See Missouri v. Jenkins, 491 U.S. 274, 288, n.10 (1989); Davis v. City & County of San Francisco, 976 F.2d 1536, 1543 (9th Cir. 1992). Bruning cites specific billing entries which appear to be clerical in nature, and Plaintiffs, in their Reply memorandum, do not take issue with that characterization. Accordingly, the sum of $3,616.26 will be deducted from Plaintiffs' requested fee award.

///
///
///
///
///

**CONCLUSION**

For the reasons set forth above, Plaintiffs' Motion for Award of Attorney's Fees is GRANTED, except with respect to $3,616.26 in fees that the City has identified as clerical in nature. Consequently, fees are awarded in favor of Plaintiffs and against Defendant City in the amount of $318,005.07 and shall be taxed accordingly.

IT IS SO ORDERED.

Dated: May 29, 2020

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE